GUNTER *et al. v.* VIVERETT *et al.*

(In Banc. May 25, 1942. Suggestions of Error Overruled July 7, 1942.)

[8 So. (2d) 247. No. 35006.]

A. B. Amis, Jr., of Newton, for appellants.

W. T. Weir, of Philadelphia, for appellees.

Roberds, J., delivered the opinion of the court.

Appellees brought an action to eject Van Gunter from twenty acres of land. Appellants, Brown, Conklin and Sartin, on their petition, were permitted to become defendants, the petition alleging that they were the owners and Gunter was their tenant in possession of the premises. Defendants filed a plea of not guilty. There was a verdict and judgment for plaintiffs and defendants appeal.

On the trial plaintiffs relied alone on their record title. That consisted of a Government patent and six mesne conveyances, the last being to Bill Viverett in 1911. The record title was imperfect: there were two breaks, or skips, from record holders. They then proved that Viverett died in 1916 and that they were his legal heirs. This action was begun in January, 1940. No proof whatever was made that Viverett, or any predecessor in title, or any of the plaintiffs, his heirs, ever had possession of the land.

Defendants then introduced their record title, showing a deed to Sartin in 1917, and one from Sartin to Brown and Conklin in 1920, which recites that Sartin had held title under his deed as trustee for himself, Brown and Conklin. There were breaks in the record title of defendants also. They offered no other proof. The declaration stated that Gunter went into possession of the premises in 1936. There is no proof as to who had possession prior to Gunter, nor the circumstances under which he went into, or has since held, possession.

In that state of the record the court granted this instruction: "The Court instructs you that the deed to the lands by E. L. Walton and his predecessors in title to Bill Viverett is sufficient to give the said Bill Viverett a legal title to said lands, together with the right of possession by the said Bill Viverett and his heirs, and raises a presumption in favor of the title being in said Bill Viverett and his heirs." Appellants contend that was error.

This was not only an instruction on the weight and effect of the evidence but it amounted to a peremptory for the plaintiffs. Both parties had record, but imperfect, title, and defendants were in possession. Plaintiff in ejectment must not only show title but also right of immediate possession in himself. Aside from the question of legal title, these plaintiffs certainly did not show any right of immediate possession. This instruction told the jury plaintiffs were entitled to possession. Originally ejectment was a purely possessory action, and, although some modern statutes have enlarged the scope of the action to include trial of the title and recovery of mesne profits and damages, it remains essentially a possessory action. 28 C. J. S., Ejectment, Secs., 1, 2 and 3, pp. 848, 849, 18 Am. Jur., pp. 8, 9, 10 and 11. One may have title and yet not be entitled to immediate possession.

Again the instruction was erroneous in telling the jury the record title of Viverett gave rise to a presumption of

title in Viverett and the plaintiffs. The record either did, or did not, vest title under the facts here. There was no place for a presumption. We do not decide whether plaintiffs showed sufficient legal title, in the hope that on a new trial the facts may be fully developed so that the case may be decided on its merits.

Reversed and remanded.